Battle, J.
 

 The only question in the case is, whether the plaintiff is entitled to recover full costs. It is contended that he is not, by force of the 78th section of the 31st chapter of the Revised Code, which enacts that, “In actions on the case for slanderous words, and in actions of assault and battery, if the jury upon the tidal of the issue, or enquiry of damages, do assess the same under four dollars, the plaintiff shall recover only as much costs as damages.”
 

 Lt is true that the action is in form trespass
 
 vi et armis
 
 for assaulting and beating tbe plaintiff’s slave, and may therefore be, in some sense, called an action for assault and battery, but as it is brought for an injury to the slave, as property, it is not the action which is technically known as tbe action for assault and battery. It was trivial actions of that kind, that is for assaulting and beating tbe plaintiff himself, as well as trifling actions on tbe case for slanderous words, which the statute intended
 
 to
 
 discourage. Actions of trespass for injury to slaves still stand upon the same footing with those- for injuries to any other personal chattels of the plaintiff.
 

 The judgment for costs is reversed, and this Court proceeding to render such judgment, as ought to have been rendered in tlie Superior Court, gives judgment in favor of the plaintiff for the amount of bis recovery and also for full costs.
 

 The j udgment of the Superior Court, being in part reversed, tbe plaintiff is also entitled to a judgment for the costs of this Court.
 

 Pub Cukiam, Judgment reversed.